# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| SANFORD DOSS, | CASE NO. 1:23-CV-00504 |
| Petitioner, | CHIEF DISTRICT JUDGE SARA LIOI |
| vs. | MAGISTRATE JUDGE AMANDA M. KNAPP |
| WARDEN KEITH FOLEY, | **REPORT AND RECOMMENDATION** |
| Respondent. |  |

Petitioner Sanford Doss ("Petitioner" or "Mr. Doss") brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, asserting four grounds for relief relating to his sentence and convictions in Cuyahoga County Court or Common Pleas, Case No. CR-19-638751, for aggravated vehicular homicide, aggravated vehicular assault, and driving while under the influence of alcohol or drugs.  (ECF Doc. 1 ("Petition").)  He filed his pro se Petition on March 5, 2023.[1]  (*Id.*)  The matter was assigned to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  The case is briefed and ripe for disposition.  (ECF Docs. 11, 12, 13 & 14.)[2]  For the

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  Mr. Doss states he placed the Petition in the prison mailing system on March 5, 2023.  (ECF Doc. 1, p. 16.)  The Petition was docketed on March 13, 2023.  (ECF Doc. 1.)

[2] The briefing consists of Respondent's Amended Return of Writ (ECF Doc. 11); Petitioner's Traverse (ECF Doc. 12); Respondent's Sur-Reply (ECF Doc. 13); and Petitioner's Response and Objection to Respondent's Sur-Reply (ECF Doc. 14).  Except for Petitioner's Response and Objection to Respondent's Sur-Reply (ECF Doc. 14), briefing was filed pursuant to the Court's briefing order or with permission of the Court.  (ECF Docs. 5 & 10).  Although Mr. Doss did not seek the Court's permission to file his Response and Objection to Respondent's Sur-Reply, considering his pro se status, the undersigned has considered the filing along with the other briefing in this matter.

reasons set forth herein, the undersigned recommends that the Court **DISMISS** Ground One as non-cognizable and **DISMISS** Grounds Two, Three and Four as procedurally defaulted.

## I.     Factual Background

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  *See id.*; *Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008).

The Eighth District Court of Appeals summarized the facts underlying Mr. Doss's conviction and sentence as follows:

{¶1} Sanford Doss appeals his conviction for two counts of aggravated vehicular homicide, one count of aggravated vehicular assault, and one count of operating a vehicle while intoxicated — all arising from Doss's decision to drive a pickup truck while having a blood-alcohol concentration over three times the legal limit, which resulted in the death of two victims and serious injury to another in a vehicle that Doss violently collided with when he failed to stop at a red light. Before the collision, Doss was driving 86 m.p.h. on a surface street with a 35-m.p.h. speed limit, and was estimated to be traveling 50-60 m.p.h. at the moment of impact.

{¶2} At the scene of the accident, after ascertaining that Doss was the driver of the vehicle that ran the red light, the responding officer noticed that Doss was visibly intoxicated and seemed confused when attempting to answer basic biographical questions. According to the responding officer, when Doss first indicated he was the driver of the other vehicle involved in the collision, "he had glassy, watery eyes, a strong odor of an alcoholic beverage coming from his person, and at times his speech was mumbled and confused and slurred." Doss admitted to consuming at least one shot of whiskey before driving. Based on Doss's appearance and voluntary statement, and the nature of the accident itself, the officer indicated that he would have to conduct the field sobriety tests, to which Doss consented. Doss failed the field sobriety tests and was arrested and transported to a nearby hospital for a medical evaluation.

{¶3} Doss ultimately pleaded no contest to the indictment after the trial court denied Doss's motion to suppress the results of the blood-alcohol concentration test conducted during his medical evaluation. After merging the applicable offenses, the trial court sentenced Doss to a minimum aggregate term of 16 years, with the maximum term of 19.5 years (the court imposed 7-year minimum prison sentences

on each of the aggravated vehicular homicide counts, 2 years on the aggravated vehicular assault count, and 6 months on the operating a vehicle while intoxicated count, although only the latter was not imposed consecutively).

*State v. Doss*, 2020 WL 7062889, at *1 (Ohio App. Ct. 2020); (ECF Doc. 8-1, pp. 180-90).

## II.      Procedural Background

### A.      State Court Conviction

On April 26, 2019, a Cuyahoga County Grand Jury indicted Mr. Doss on four counts of Aggravated Vehicular Homicide (Counts 1-4), two counts of Aggravated Vehicular Assault (Counts 5-6) and two counts of Driving While Under the Influence (Counts 7-8).  (ECF Doc. 8-1, pp. 6-8.)  Mr. Doss plead not guilty to all charges.  (*Id*. at p. 10.)  On August 12, 2019, Mr. Doss, through counsel, filed a motion to suppress and/or motion in limine to suppress any and all evidence and statements that the State might use in trial.  (*Id*. at pp. 12-70.)  More specifically, he sought to suppress the following evidence:

1.      Any and all blood, urine, or other bodily substance evidence, including test results thereof, obtained by the State of Ohio herein;

2.      Any and all evidence obtained by the State of Ohio as the fruit of the warrantless and unconstitutional detention, seizure, and/or custodial arrest of the Accused;

3.      Any and all oral and/or written custodial statements or testimonial actions obtained from or made by the Accused; and/or

4.      Any and all evidence relating to a chemical or biological substance analysis of the Defendant's blood and/or urine.

(*Id*. at p. 13.)  On August 19, 2019, the State filed a motion to strike and response to the motion to suppress.  (*Id*. at pp. 72-104.)  Mr. Doss filed a supplement to his motion to suppress on August 27, 2019.  (*Id*. at pp. 106-17.)  Following a hearing on the matter on August 27, 2019, the trial court denied Mr. Doss's motion to suppress.  (*Id*. at p. 119.)

On August 28, 2019, Mr. Doss withdrew his not guilty plea and entered a plea of no contest to all counts of the indictment.  (*Id*. at p. 121.)  The trial court accepted Mr. Doss's no

contest pleas, found him guilty of all counts, and advised him of mandatory three years post release control. (*Id*.) Sentencing was scheduled for October 7, 2019. (*Id*.) Mr. Doss returned to court on September 5, 2019, where he again withdrew his not guilty plea and entered a plea of no contest to all counts of the indictment. (*Id*. at pp. 123-24; ECF Doc. 8-2, pp. 169-80.) The court explained that the second plea hearing was required because the court realized after the first hearing that the offense occurred after the Reagan Tokes Law—which changed sentencing for felonies of the first and second degree—took effect. (ECF Doc. 8-2, p. 169.) The trial court accepted Mr. Doss's no contest pleas and found him guilty of all counts; the court also advised that Counts 1 and 3, both felonies of the second degree, carried mandatory minimum sentences of two to eight years, with an additional indefinite term of up to 50% of the term initially imposed. (ECF Doc. 8-1, pp. 123-24; ECF Doc. 8-2, pp. 169-80.) Mr. Doss appeared for sentencing on October 30, 2019, and the trial court sentenced him to a minimum aggregate prison sentence of sixteen years and maximum aggregate prison sentence of nineteen and a half years. (ECF Doc. 8-1, pp. 126-27.) The trial court also notified Mr. Doss that three years of post release control was a mandatory part of his sentence. (*Id*.)

## B.  Direct Appeal

On November 26, 2019, Mr. Doss, through counsel, filed a notice of appeal with the Eighth District Court of Appeals. (ECF Doc. 8-1, pp. 129-39.) In his February 25, 2020 appellate brief (*id.* at pp. 141-62), he raised the following assignments of error:

1.  Appellant's plea was involuntary as a matter of law due to complete failure to comply with Criminal Rule 11 by failing to advise that a base offense carried a mandatory prison term.

2.  The trial court erred in failing to suppress the results of the roadside testing when the State filed to provide any evidence that the tests were conducted in substantial compliance with NHTSA standards.

3.  The trial court erred in finding probable cause to arrest.

4

      4.     The trial court erred in finding that Appellant consented to a blood draw.

(*Id*. at pp. 143, 146, 155-61.)  The State filed a brief in response on April 15, 2020.  (*Id*. at pp. 164-78.)  On December 3, 2020, the Eighth District Court of Appeals affirmed the trial court's judgment.  (*Id*. at pp. 180-90.); *Doss*, 2020 WL 7062889.

On January 12, 2021, Mr. Doss filed a pro se notice of appeal with the Supreme Court of Ohio.  (*Id*. at pp. 192-205.)  In his memorandum in support of jurisdiction (*id*. at pp. 207-30), Mr. Doss set forth the following propositions of law:

1.     Trial counsel's performance did not meet an objective standard of reasonable as guaranteed by the Sixth Amendment of the United States Constitution.

2.     Appellant's no contest plea was involuntary as a matter of law due to the trial court's failure to vacate the Appellant's first no contest plea before accepting Appellant's no contest plea.

3.     The trial court erred in finding probable cause to arrest Appellant.

4.     Trial court abused its discretion in finding that Appellant consented to a blood draw.

5.     Trial court erred in failing to suppress the results of the roadside testing when the State failed to provide any evidence that the tests were conducted in substantial compliance with NHTSA standards.

(*id*. at pp. 208, 211-18).  On March 30, 2021, the Supreme Court of Ohio declined to accept jurisdiction of the appeal.  (*Id*. at p. 232.)

## C.    Post-Conviction Proceedings

### 1.    Petition for Post-Conviction Relief

On March 25, 2021, Mr. Doss filed a pro se petition for post-conviction relief and requested an evidentiary hearing.  (ECF Doc. 8-1, pp. 234-38.)  He raised the following assignments of error:

1.     Trial counsel was ineffective for not notifying the Judge and prosecution that Defendant had been evaluated by the Cuyahoga County Mental Health

Doctor(s) who reviewed his records and confirmed that he should be on the mental health cases and assigned a mental health judge to preside in his case.

2.  Trial judge erred, abused its discretion by sentencing Defendant a "first time offender" with no prior criminal record to such an amount of time which severely prejudiced him and his substantial statutory constitutional rights to be treated fairly.  The sentence received is clearly unfair.  Defendant expected a sentence of Ten (10) years or less.

(*Id*.)  The State filed a brief in opposition on April 1, 2021, with proposed findings of fact and conclusions of law.  (*Id*. at pp. 240-51.)  On April 6, 2021, the trial court denied Mr. Doss's post-conviction petition, finding the claims barred by res judicata and also without merit.  (*Id*. at pp. 262-67.)  Mr. Doss did not appeal the trial court's denial of his post-conviction petition.

**2.  Motion to Vacate No Contest Plea and Motion for Trial Court to Conduct Resentencing Hearing**

On November 24, 2021, Mr. Doss filed a pro se motion to vacate his no contest plea, arguing the trial court failed to accept his first and second no contest pleas, failed to stop at each constitutional question and ask whether he understood each right he was waiving pursuant to Criminal Rule 11(C)(2), failed to vacate his first no contest plea prior to conducting the second no contest plea proceedings, and sentenced him on Count 7 instead of Count 8 even though the State said at the second no contest hearing that it elected to sentence on Count 8.  (ECF Doc. 8-1, pp. 269-306.)  On November 24, 2021, Mr. Doss also filed a motion for the trial court to conduct a resentencing hearing, arguing that his sentence was contrary to law because the trial court failed to provide him with the statutorily required notices under the Reagan Tokes Law at sentencing and in the trial court's judgment entry.  (ECF Doc. 8-1, pp. 308-27.)  On December 6, 2021, the State filed a combined opposition brief in response to Mr. Doss's two motions.  (*Id*. at pp. 329-40.)  On December 6, 2021, the trial court denied Mr. Doss's motions.  (*Id*. at p. 342.)  The journal entry was journalized on December 7, 2021.  (*Id*.)

6

On January 5, 2022, Mr. Doss filed a notice of appeal with the Eighth District Court of Appeals from the trial court's denial of his two motions.  (*Id*. at pp. 344-52.)  In his February 8, 2022 appellate brief (*id*. at pp. 354-70), he raised the following assignment of error:

1.      Appellant Doss sentence is contrary to law because the trial court erred when it failed to follow/or perform its mandatory duty to impose on the Appellant Doss the five notification requirements under the Reagan Tokes Law and a resentencing hearing is needed to notify Appellant Doss of these five notifications.

(*Id*. at pp. 357, 359-64.)  On February 14, 2022, the State filed its brief.  (*Id*. at pp. 372-80.)  On May 5, 2022, the court of appeals affirmed the trial court's denial of his two motions, overruling Mr. Doss's sole assignment of error.  (*Id*. at pp. 382-85.)  The court of appeals found that the trial court had not advised Mr. Doss of five statutory notifications required by R.C. 2929.19(B)(2)(c), but concluded that Mr. Doss's challenge was nevertheless barred by res judicata because he had failed to raise the issue in his direct appeal; in so holding, the court noted that sentencing errors render a sentence voidable, not void, and must be raised on direct appeal.  (*Id*. at p. 384.)

On May 11, 2022, Mr. Doss filed a motion to reconsider the May 5, 2022 decision of the court of appeals and to certify a conflict as to the following questions:

1.      If a defendant is sentenced under the Reagan Tokes Law must a trial court comply with all the authorize sentencing provisions including any mandatory notifications?

2.      If a trial court fails to follow or comply with its mandatory duty to notify defendant of the five requirements pursuant to R.C. 2929.19(B)(2)(c) . . . does this require a limited resentencing hearing for the trial court to comply with its mandatory duty?

(ECF Doc. 8-1, pp. 387-90.)  On May 18, 2022, the State filed a brief in opposition.  (*Id*. at pp. 392-96.)  On June 8, 2022, Mr. Doss filed a motion to object to the State's brief in opposition. (*Id*. at pp. 398-402.)  On June 1, 2022, the court of appeals denied Mr. Doss's motion for reconsideration and to certify a conflict.  (*Id*. at p. 404.)

On July 8, 2022, Mr. Doss filed a pro se notice of appeal with the Supreme Court of Ohio from the June 1, 2022 decision by the court of appeals.  (*Id*. at pp. 406-08.)  In his memorandum in support of jurisdiction (*id.* at pp. 410-27), he raised the following propositions of law:

1.      The state court of appeals applied the wrong standard of law when it dismissed Appellant's argument as being barred by res judicata.

2.      Appellant Doss's sentence was contrary to law because it did not comply with R.C. 2929.19(B)(2)(c).

(*id.* at pp. 411, 413-15).  On September 27, 2022, the Supreme Court of Ohio declined to accept jurisdiction of Mr. Doss's appeal.  (*Id*. at p. 429.)

**D.      Federal Habeas Corpus Petition**

Mr. Doss raises four grounds for relief in his Petition.  (ECF Doc. 1, pp. 6-11.)

**Ground One:**[3]

**Supporting Facts:**  Petitioner's motion to suppress should have been granted because the state failed to demonstrate that the field sobriety test was conducted in compliance with the applicable standards, and that the Officers lacked probable cause to arrest Petitioner because the state failed to prove Petitioner caused the accident or committed a traffic infraction, or because Petitioner's consent to the blood draw at the hospital was not voluntary.

**Ground Two:**

**Supporting Facts**: Petitioner's no contest plea to aggravated vehicular assault under R.C. 2903.08(A)(1)(a) was not voluntarily entered because the trial court failed to inform Petitioner of the mandatory nature of his prison sentence at the second plea hearing.

---

[3] Mr. Doss provides supporting facts but does not label his grounds for relief.  Respondent acknowledges that Mr. Doss has provided a concise statement of facts to support his grounds for relief but argues that dismissal of the Petition is warranted because Habeas Rule 2(c) requires that a petition state not only the facts supporting each ground for relief but also specify the grounds for relief.  (ECF Doc. 11, pp. 8-9.)  Respondent also asserts that "[d]ismissal under Habeas Rule 2(c) is appropriate in cases where it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication."  (*Id.* at p. 8 (citing *McCauley v. Warden, Noble Corr. Inst.*, No. 2:20-CV-4957, 2020 WL 7684972, at *1 (S.D. Ohio Nov. 17, 2020), *report and recommendation adopted,* No. 2:20-CV-4957, 2020 WL 7090074 (S.D. Ohio Dec. 4, 2020)).  While Petitioner did not technically comply with all aspects of Habeas Rule 2(c), the undersigned does not find Mr. Doss's Petition so deficient that it is impossible to determine the arguments he is presenting for adjudication.  Accordingly, the undersigned concludes that dismissal based on the failure to identify the specific grounds for relief is not warranted.

**Ground Three:**

**Supporting Facts:** Under the Reagan Tokes Law [a] Trial Court must inform any and all criminal defendant of the five notification[s] under R.C. 2929.19 (B)(1)(c).

**Ground Four:**

**Supporting Facts:** Petitioner's no contest plea was not a[] knowingly or intelligently made no contest plea because the trial court erred when it failed to vacate the first entered no contest plea before the second no contest plea was made, and that counsel during trial and on direct appeal was ineffective for their failure to raise this argument in the trial court and on direct appeal.

(*Id.*)

### III.    Law & Analysis

### A.    Standard of Review Under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, PL 104–132, April 24, 1996, 110 Stat 1214, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  "As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Under 28 U.S.C. § 2254, federal courts may "entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States'" and in most instances, federal courts may not grant habeas relief "unless . . . the applicant has exhausted state remedies."  *Id.* (citing 28 U.S.C. §§ 2254(a), (b), (c)).  If an application for writ of habeas corpus involves a claim that was "adjudicated on the merits in State court proceedings," the application "shall not be granted" unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1)-(2); *Cullen*, 563 U.S. at 181; *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007). The burden of proof rests with the petitioner. *See Cullen*, 563 U.S. at 181.

**B.      Legal Standard for Procedural Default**

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. *See* 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. *See* 28 U.S.C. §§ 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) ("Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").

To satisfy the fair presentation requirement, a habeas petitioner must present both the facts and legal theories underpinning his claims to the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g.*, *Baldwin v. Reese*, 541 U.S. 27, 33-34 (2004); *Franklin v. Rose*, 811 F.2d 322, 324-25 (6th Cir. 1987). A constitutional claim for relief must also be presented to the state's highest court to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

A petitioner must also meet certain procedural requirements to have his claims reviewed in federal court. *See Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006).

10

"Procedural barriers, such as . . . rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, procedural default applies where state court remedies are no longer available. *See id.*

Procedural default may occur in two ways. First, a petitioner may procedurally default a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* In *Maupin v. Smith,* the Sixth Circuit articulated a four-prong analysis to be used when determining whether a claim is procedurally barred due to failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim, and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. 785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *See Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *State v. Moreland*, 50 Ohio St.3d 58, 62 (1990) (finding failure to present a claim to a state court of appeals constituted a waiver).  "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806.  Thus, even if the exhaustion requirement is technically satisfied because no state remedies remain available to the petitioner, the petitioner's prior failure to present those claims for consideration in state court may cause a procedural default that bars federal court review of the claims. *See id.* (citing *Coleman v. Thompson,* 501 U.S. 722, 732 (1991)).

To overcome procedural default, a petitioner must: (1) show cause for the default and demonstrate that actual prejudice resulted from the alleged violation of federal law; or (2) show that there will be a fundamental miscarriage of justice if the claims are not considered. *See Coleman*, 501 U.S. at 750.  "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

## C.    Ground One Is Not Cognizable Under *Stone v. Powell*

In Ground One, Mr. Doss argues that his motion to suppress should have been granted because: the state failed to show that the field sobriety test was conducted in compliance with applicable standards; the officers lacked probable cause to arrest Petitioner because the state did not prove Petitioner caused the accident or committed a traffic infraction; or Petitioner's consent

to the blood draw at the hospital was not voluntary. (ECF Doc. 1, pp. 6-7.) Respondent argues in the Amended Return of Writ that Ground One is not cognizable on federal habeas review under *Stone v. Powell*, 428 U.S. 465 (1976). (ECF Doc. 11, pp. 17-21.) Mr. Doss does not address Respondent's *Stone v. Powell* argument in his Traverse, focusing instead on the due process arguments identified in his Petition. (ECF Doc. 12, pp. 4-5.) For the reasons set forth below, the undersigned concludes that Ground One should be **DISMISSED** as non-cognizable.

In *Stone v. Powell*, the Supreme Court held: "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. In so holding, the Court acknowledged the deterrent effect of applying the exclusionary rule at trial and on direct appeal—i.e., discouraging law enforcement officers from violating the Fourth Amendment by removing the incentive to disregard it—but reasoned that any additional deterrent effect that might be gained by applying the rule on federal habeas review would be minimal and would be outweighed by substantial societal costs. *Id.* at 492-94. The Sixth Circuit explains that the Supreme Court's decision in *Stone* was supported by two explanations:

> One, the key purpose of federal habeas corpus is to free innocent prisoners. But whether an investigation violated the Fourth Amendment has no bearing on whether the defendant is guilty. . . . Two, exclusion is a prudential deterrent prescribed by the courts, not a personal right guaranteed by the Constitution. Any deterrence produced by an additional layer of habeas review is small, but the cost of undoing final convictions is great.

*Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013) (citing *Stone*, 428 U.S. at 490, 493).

To determine whether the state provided an "opportunity for full and fair litigation of a fourth amendment claim" under *Stone*, the Sixth Circuit requires two distinct inquiries. *See Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). First, the court must consider "whether the state

13

procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim." *Id*. at 526.  Second, the court must consider "whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id.*  Overall, an opportunity for full and fair litigation under *Powell* "means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good*, 729 F.3d at 639.  The basic question before the court is: "Did the state courts permit the defendant to raise the claim or not?" *Id.* at 640.

As to the first inquiry required under *Riley*—whether Ohio's procedural mechanisms present an opportunity to raise a fourth amendment claim—the Sixth Circuit has already held that "[t]he mechanism provided by the State of Ohio for the resolution of fourth amendment claims is, in the abstract, clearly adequate."  674 F.2d at 526.  The first inquiry is satisfied.

As to the second *Riley* inquiry—whether Mr. Doss's ability to present his fourth amendment claims was "in fact frustrated" by a failure in Ohio's procedural mechanisms—Mr. Doss does not assert that he was prevented from using Ohio's procedural mechanisms to challenge the admission of evidence, or that the mechanisms themselves were frustrated.  Indeed, Mr. Doss was able to file a motion to suppress and participate in an evidentiary hearing on the motion.  (ECF Doc. 8-1, pp. 107, 119; ECF Doc. 8-2, pp. 8-157.)  After the motion to suppress was denied by the trial court (ECF Doc. 8-1, p. 119; ECF Doc. 8-2, pp. 156-57), he was also able to appeal the trial court's decision to the Ohio appellate and supreme courts.  (*See* ECF Doc. 8-1, pp. 143, 157-61, 185-89, 208, 214-18.)  On its face, therefore, the record indicates Mr. Doss had a full opportunity to use Ohio's procedural mechanisms to challenge the admission of evidence.

Rather than challenging the adequacy (or frustration) of Ohio's procedural mechanisms, Mr. Doss challenges the merits of the state court decisions on the motion to suppress, arguing

that the trial court's denial of his motion to suppress violated his constitutional rights[4] because the state did not meet its evidentiary burden in opposing the motion. (ECF Doc. 12, pp. 4-5.) But the second *Riley* inquiry requires "a review of whether the state provided an adequate mechanism to address Petitioner's Fourth Amendment claims, absent proof of 'egregious error in the application of fourth amendment principles,'" not "a case by case review of state court determinations." *Abdul-Mateen v. Hofbauer*, 215 F.3d 1325 (Table), 2000 WL 687653, * 3 (6th Cir. 2000) (quoting *Riley*, 674 F.2d at 526). As another district court explained, "[a]n argument directed solely at the correctness of the state court decision 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.'" *Brown v. Berghuis*, 638 F. Supp. 2d 795, 812-13 (E.D. Mich. 2009) (quoting *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir.1994)).

In rejecting Mr. Doss's challenge to the denial of his motion to suppress, the court of appeals considered his arguments in detail and found them to be without merit, explaining:

> {¶10} In the remaining assignments of error, Doss claims the trial court erred in denying his motion to suppress because the state failed to demonstrate that the field sobriety test was conducted in compliance with the applicable standards, that officers lacked probable cause to arrest Doss because the state failed to prove he caused the accident or committed a traffic infraction, or because Doss's consent to the blood draw at the hospital was not voluntary. None of Doss's claims has merit.
>
> {¶11} "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. With regard to factual determinations, "[a]n appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *State v. Hawkins,* 158 Ohio St.3d 94, 2019-Ohio-4210, 140 N.E.3d 577, ¶ 16, citing *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). "But the appellate

---

[4] Although Mr. Doss references the Fourteenth, Fifth, and Sixth Amendments in his Traverse (ECF Doc. 12, p. 4), he alleges in Ground One of his Petition that the trial court erred in denying his motion to suppress (ECF Doc. 1, p. 6) where he had argued that evidence was obtained in violation of his Fourth Amendment rights (ECF Doc. 8-1, pp. 107-16). Because the Petition seeks relief under the Fourth Amendment alone, no other constitutional arguments are properly before this Court in Ground One. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (finding that arguments presented for the first time in a traverse, rather than a petition, are not properly before the district court).

court must decide the legal questions independently, without deference to the trial court's decision." *Id.*, citing *Burnside* at ¶ 8.

{¶12} Although the state must demonstrate by clear and convincing evidence that the field sobriety tests were conducted in accordance with the applicable testing standard in order for the results to be admissible in court under R.C. 4511.19(D)(4), Doss did not contest the admissibility of the field sobriety tests at the suppression hearing, much less in his motion to suppress and the supplement thereto. His sole claim with respect to the failure to adhere to testing standards was limited to the blood draw taken at the hospital after Doss was arrested. The trial court did not resolve whether the field sobriety tests were conducted in substantial compliance with the applicable regulations, and we therefore will not consider that issue for the first time on appeal. In *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, the offender's motion to suppress alleged that the officer failed to conduct field sobriety tests in substantial compliance with NHTSA guidelines as required by R.C. 4511.19(D)(4)(b) and the Ohio Supreme Court found this sufficient to identify the issues the defendant was raising. *Id.* at ¶ 13. Thus, the issue was deemed to have been preserved for review and the matter was remanded to the trial court for consideration. *Id.* However, by "failing to file a motion to suppress illegally obtained evidence, a defendant waives any objection to its admission." *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 136, quoting *State v. Campbell*, 69 Ohio St.3d 38, 44, 1994-Ohio-492, 630 N.E.2d 339. At the minimum, based on the combination of *Codeluppi* and *Osie*, a defendant needs to identify that the suppression of evidence in a case involving the operation of a vehicle while intoxicated in part depends on the officer's substantial compliance with the field sobriety testing standards in order to preserve the issue for further review.

{¶13} In this case, Doss failed to object to the admissibility of the field sobriety results in his motion to suppress and, in part, claimed that he actually passed the tests that were administered for the purposes of demonstrating that the police officers lacked probable cause to arrest him and conduct the blood draw. The focus of the suppression motion was on the blood draw and whether the officers had a reasonable, articulable suspicion warranting the administration of the field sobriety tests that Doss consented to undergo — an issue that Doss has not raised in this appeal. *Parma Hts. v. Dedejczyk*, 8th Dist. Cuyahoga No. 97664, 2012-Ohio-3458, ¶ 29, citing *State v. Evans*, 127 Ohio App.3d 56, 62, 711 N.E.2d 761 (11th Dist.1998) (outlining what is considered reasonable suspicion to conduct a field sobriety test). It is for this reason, and contrary to the argument presented in this appeal, that the record contains little information on the applicable testing standards — those standards were not at issue during the suppression hearing. *See, e.g., State v. Osborne*, 11th Dist. Lake Nos. 2018-L-124, 2018-L-125, and 2018-L-126, 2019-Ohio-3235, ¶ 69. Doss has waived any challenges to the admissibility of the field sobriety tests.

{¶14} Accordingly, we need not consider Doss's claim that there was no probable cause to arrest him at the scene of the collision. Probable cause to arrest is based on "'whether at that moment the facts and circumstances within [the officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense.'" *Cleveland v. Jones*, 8th Dist. Cuyahoga No. 107257, 2019-Ohio-1525, ¶ 26, quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In this case, the responding officer testified that Doss was visibly intoxicated, had trouble answering basic questions, and performed poorly on the field sobriety tests. There was probable cause to arrest Doss for operating a vehicle while intoxicated that directly led to his causing the horrific accident. *See, e.g., id.*

{¶15} And finally, we summarily find no merit to Doss's claim as to the exclusion of the blood-alcohol concentration result based on the notion that the blood-draw procedure occurred before his consent was delivered. Doss claims that his written consent was procured, as portrayed in the body camera video, while the nurse can be seen handling the blood samples in the background. According to the officer's testimony, there were two written consent forms executed, the Bureau of Motor Vehicle's Form 2255, as well as the hospital's own consent form. There is no dispute that Doss signed both. His sole claim, presented in a cursory manner, is that the forms were signed after the blood sample was procured and that for the written consent to be valid, it cannot be coerced pursuant to *Schneckloth v. Bustamonte*, 412 U.S. 218, 233, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). There is no indication as to the basis of Doss's belief that his consent was coerced. App.R. 16(A)(7).

{¶16} The officer testified that he procured Doss's consent for the blood draw three minutes before the hospital employee obtained the blood sample. Even if we agreed with Doss that the memorialization of that consent occurred immediately after the blood draw according to the video evidence, the nurse who procured the blood sample expressly testified that Doss's consent to the procedure was communicated before it was conducted. A motion to suppress presents a mixed question of law and fact. *Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71. Appellate courts defer to the trial court's factual findings. *Id.* In this case, the trial court concluded that Doss timely consented to the blood draw based on the officer's and the nurse's testimony of the timing, and at a minimum ratified that consent by executing the consent forms. We cannot conclude the trial court erred in finding that Doss consented to the blood draw for the purpose of deeming the results of the blood-alcohol concentration test to be admissible.

*Doss,* 2020 WL 7062889, at *3-4.

The undersigned finds that Mr. Doss has failed to show that his use of Ohio's procedural

mechanisms to present his Fourth Amendment challenge was "in fact frustrated" by a failure in

17

those procedural mechanisms, and has also failed to show that the state courts committed an "egregious error in the application of fourth amendment principles."[5]  *Riley*, 674 F.2d at 526. Thus, the second *Riley* inquiry is satisfied.

For the reasons set forth above, the undersigned concludes that Mr. Doss's Fourth Amendment claims in Ground One are not cognizable because the claims are excluded from federal habeas review under *Stone v. Powell*.  Accordingly, the undersigned recommends that the Court **DISMISS** Ground One as non-cognizable.

## D.    Ground Two Was Procedurally Defaulted

Mr. Doss argues in Ground Two that he did not voluntarily enter a no contest plea to the charge of aggravated vehicular assault because the trial court did not inform him of the mandatory nature of his prison sentence at the second plea hearing.  (ECF Doc. 1, p. 8.) Respondent argues in the Amended Return of Writ that Ground Two was procedurally defaulted (ECF Doc. 11, p. 12) and is without merit (*id.* at pp. 21-25).  Respondent acknowledges that Mr. Doss raised the claim described in Ground Two in his direct appeal to the Eighth District Court of Appeals, but argues that he procedurally defaulted on the claim when he did not pursue it through ordinary appellate review procedures via an appeal to the Supreme Court of Ohio.  (ECF Doc. 11, p. 12.)  Petitioner argues in response that any procedural default should be excused based on the ineffective assistance of his appellate counsel.  (ECF Doc. 14, pp. 4-5.)

---

[5] The *Riley* court found that the state appellate court "frustrated the petitioner's opportunity to litigate his fourth amendment claims" when it found *sua sponte* that the petitioner lacked standing to raise his fourth amendment claims and then "failed to remand the case to the trial court to allow the petitioner to establish his standing to challenge the search."  674 F.2d at 527.  In this context, the court found "that federal habeas relief is available when a criminal defendant is not allowed to fully present his fourth amendment claim in the state courts because of unanticipated and unforeseeable application of a procedural rule which prevents state court consideration of the merits of the claim."  *Id.* at 528.  No such unforeseeable application of procedural rules is alleged in this case.

Under the "fair presentation" standard, a federal habeas petitioner must present the facts and legal theories underpinning his claims to the state courts.  *See McMeans*, 228 F.3d at 681. "Because state courts, like federal courts, are required to enforce federal law, including rights asserted under the Constitution," the Sixth Circuit observes: "comity requires that the state courts should have the first opportunity to review the prisoner's federal claim and provide any necessary relief."  *Nian v. Warden, N. Cent. Corr. Inst.*, 994 F.3d 746, 751 (6th Cir. 2021) (quoting *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005)).  State courts are therefore "given the opportunity to see both the factual and legal basis for each claim," *id.* (quoting *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009)), before the claim is considered in a federal habeas petition.  And even where a claim has been fairly presented to one state court, a petitioner may nevertheless "procedurally default [the] claim by failing to . . . pursue that claim through the state's 'ordinary appellate review procedures.'"  *See Williams*, 460 F.3d at 806.

Here, Mr. Doss argued in his direct state court appeal that his "plea was involuntary as a matter of law due to complete failure to comply with Criminal Rule 11 by failing to advise that a base offense carried a mandatory prison term."  (ECF Doc. 8-1, pp. 143, 146.)  Specifically, he argued that the trial court did not properly advise at sentencing that the charge of Aggravated Vehicular Assault under R.C. 2903.08(A)(1)(a) in Count Five required a mandatory prison term. (*Id.* at pp. 155-57.)  The court of appeals overruled this assignment of error.  (*Id.* at pp. 182-85.) Although Mr. Doss later filed a pro se notice of appeal with the Supreme Court of Ohio, he did not reassert this argument in his memorandum in support of jurisdiction.  (*Id.* at p. 208.)  Instead, he argued in his second proposition of law that his no contest plea was involuntary as a matter of law because the trial court failed to vacate the first no contest plea before accepting the second no contest plea.  (*Id.* at pp. 208, 211.)  He further asserted that "the trial court erred because it did

not mention the mandatory sentence required for the offenses of aggravated vehicular homicide under R.C. 2903.06" and "did not inform Appellant it would impose a mandatory fine of $10,000 on Counts 1 and 3 before accepting his [no] contest plea." (*Id.* at p. 213.)

In Ground Two of the Petition, Mr. Doss argues that his "no contest plea to aggravated vehicular assault under R.C. 2903.08(A)(1)(a) was not voluntarily entered because the trial court failed to inform [him] of the mandatory nature of his prison sentence at the second plea hearing." (ECF Doc. 1, p. 8.)  He fairly presented this claim in his direct appeal to the Eighth District Court of Appeals.  (ECF Doc. 8-1, pp. 143, 146, 155-57.)  But he did not fairly present the claim in his subsequent appeal to the Supreme Court of Ohio, where he instead challenged the trial court's advisement at sentencing regarding separate charges for aggravated vehicular homicide. (*Id.* at pp. 208, 211-13.)  Thus, Mr. Doss procedurally defaulted the claim in Ground Two by failing to fairly present the claim at each and every level of the state courts.  *See Williams*, 460 F.3d at 806  ("[A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'"); *see also Baston*, 282 F. Supp. 2d  at 661 ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition.").

Ground Two is thus subject to dismissal for procedural default unless Mr. Doss can show (1) cause and prejudice to excuse the procedural default or (2) that a fundamental miscarriage of justice would occur if the claims are not considered.  *See Coleman*, 501 U.S. at 750.

To establish "cause" to excuse a procedural default, a petitioner must point to "something external . . . that cannot fairly be attributed to him" and "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  As to Ground Two of

20

the Petition, Petitioner generally argues that his "counsel proved to be ineffective" when it was "clear that the trial court had failed to inform Petitioner of the mandatory nature of his sentence during the chang[e] of plea process[.]" (ECF Doc. 12, p. 6.) But the record reflects that his appellate counsel fairly presented the issue to Ohio's appellate courts on direct appeal. It was Mr. Doss, in his pro se appeal to the Supreme Court of Ohio, who failed to reassert the claim as necessary to fairly present the claim at every level of the state courts.[6] Since Mr. Doss has failed to show that "something external . . . that cannot fairly be attributed to him" prevented him from raising the relevant claim before the Supreme Court of Ohio, *Coleman*, 501 U.S. at 753, it is not necessary to consider the issue of "prejudice," *see Engle*, 456 U.S. at 134, n. 43. Mr. Doss has thus failed to show that his procedural default should be excused based on cause and prejudice.

A review of the record also shows that Mr. Doss's procedural default should not be excused based on a fundamental miscarriage of justice. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren*, 440 F.3d at 764 (quoting Murray, 477 U.S. at 496). For a claim of actual innocence to be credible in this context, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). He must further "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. This standard is intended to permit petitioners with "truly extraordinary" cases a "meaningful avenue by which to avoid a manifest injustice." *Id.* (internal quotations omitted). Importantly, "'actual innocence' means factual

---

[6] Although Mr. Doss has not raised the issue, the undersigned notes that he had "no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citing *Wainwright v. Torna*, 455 U.S. 586 (1982) and *Ross v. Moffitt*, 417 U.S. 600 (1974))

innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To establish actual innocence," therefore, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (quoting *Schlup,* 513 U.S. at 327-28 (internal quotations omitted)).

Here, Mr. Doss does not assert that he is actually innocent and certainly does not identify any new reliable evidence that was not presented at trial to support such a claim. Indeed, he pled no contest to the charges against him. Based on this record, the undersigned concludes that Mr. Doss has not met his burden to show that a failure to consider the merits of his procedurally defaulted claim would result in a fundamental miscarriage of justice.

For the reasons set forth above, the undersigned finds that Ground Two is procedurally defaulted, and that Mr. Doss has not met his burden to show cause or a fundamental miscarriage of justice to excuse the default. Accordingly, the undersigned recommends that the Court **DISMISS** Ground Two with prejudice based on procedural default.[7]

### E.     Ground Three Was Procedurally Defaulted

In Ground Three, Mr. Doss seeks relief based on the trial court's failure to provide certain notifications required under Ohio's Reagan Tokes Law, R.C. 2929.19(B)(1)(c). (ECF Doc. 1, p. 9.) Respondent argues in the Amended Return of Writ that Ground Three was procedurally defaulted (ECF Doc. 11, pp. 12-13) and is not cognizable on federal habeas review because it challenges a failure to comply with state sentencing laws (*id.* at p. 25). With respect to procedural default, Respondent acknowledges that Mr. Doss raised the claim described in Ground Three in a post-conviction motion for a resentencing hearing (ECF Doc. 11, p. 13 (citing ECF Doc. 8-1, pp. 308-27)), appealed the denial of that motion to the state court of appeals (*id.*

---

[7] Given the recommendation to dismiss Ground Two as procedurally defaulted, it is unnecessary to consider Respondent's alternative argument that the claim is without merit. (ECF Doc. 11, pp. 21-25.)

(citing ECF Doc. 8-1, pp. 382-385)), sought reconsideration of that decision, and ultimately filed an appeal with the Supreme Court of Ohio (ECF Doc. 8-1, pp. 387-90, 414-15).  But Respondent argues that Mr. Doss still procedurally defaulted on the claim because he failed to raise the claim in his direct appeal and the state court of appeals accordingly found the claim to be barred by res judicata.  (ECF Doc. 11, p. 13.)  Petitioner responds that any procedural default should be excused due to the ineffective assistance of his appellate counsel on direct appeal.  (ECF Doc. 12, p. 7; ECF Doc. 14, pp. 2-5.)  Petitioner also suggests that application of res judicata was not warranted because his sentence is contrary to law.  (ECF Doc. 12, p. 8.)

To assess procedural default for failure to comply with state procedural rules, courts in the Sixth Circuit apply the four-prong *Maupin* analysis.  *See Williams*, 460 F.3d at 806 (citing *Maupin*, 785 F.2d at 138).  As indicated, Mr. Doss first raised his Reagan Tokes Law claim in his post-conviction motion for resentencing.  (ECF Doc. 8-1, pp. 308-27.)  The trial court denied the motion.  (*Id.* at p. 342.)  Mr. Doss appealed that denial (*id.* at pp. 344-52), asserting that the trial court erred when it failed to inform him of all five notifications required under the Reagan Tokes Law during sentencing, and that a resentencing hearing was required due to the trial court's failure to provide the required notifications (*id.* at pp. 355, 357, 359-64).  The court of appeals agreed that the trial court did not inform Mr. Doss of the five notifications under R.C. 2929.19(B)(2)(c) at sentencing.  (*Id.* at p. 384.)  But the court concluded that Mr. Doss's argument was barred by res judicata because he had failed to challenge the issue in his direct appeal, explaining: "[t]he Ohio Supreme Court has made it clear that sentencing errors, even errors involving a statutory mandate, render a sentence voidable, not void, and must be raised on direct appeal."  (*Id.* (citing *State v. Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776; *State v. Harper,* 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248).)

Under the first *Maupin* prong, this Court must determine whether Mr. Doss failed to comply with a procedural rule.  Ohio's res judicata rule provides that:

> Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 *et seq.,* Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.

*Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001) (quoting *State v. Perry*, 10 Ohio St.2d 175 (1967) (syllabus)).  Thus, a criminal defendant in Ohio may not seek "postconviction relief on 'any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment or conviction, or on an appeal from that judgment.'"  *Wogenstahl v. Mitchell*, 668 F.3d 307, 341 (6th Cir. 2012) (quoting *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169, 171 (1982)) (emphasis removed).

Here, the state court of appeals found that Mr. Doss failed to comply with a state procedural requirement when he did not challenge the sentencing error described in Ground Three on direct appeal, as required to render the sentence voidable; as a result, the appeals court found the claim barred by the doctrine of res judicata when it was raised in post-conviction proceedings.  (ECF Doc. 8-1, p. 384.)  This suggests that the first *Maupin* prong has been met. Nevertheless, the Sixth Circuit has been reluctant "to conclude categorically that federal habeas review of the purportedly defaulted claim is precluded" in cases where "the record reveals that the state court's reliance upon its own rule of procedural default [was] misplaced."  *Greer*, 264 F.3d at 675; *but see id.* (noting that federal courts generally "should not second guess a state court's decision concerning matters of state law").  Similarly, the Sixth Circuit has "held that an incorrect application of a state res judicata rule does not constitute reliance on an adequate and independent state ground."  *Wogenstahl*, 668 F.3d at 341 (internal citations omitted) (emphasis

24

omitted).  The undersigned therefore turns to "whether the state court correctly invoked its res judicata rule."  *Id.* (emphasis omitted).

Here, Mr. Doss argues that res judicata should not have been applied to preclude him from raising the claim in a collateral proceeding because his sentence was contrary to law.  (ECF Doc. 12, p. 8.)  But the Supreme Court of Ohio has made it clear that:

> A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable. Neither the state nor the defendant can challenge the voidable sentence through a postconviction motion.

*State v. Henderson*, 161 Ohio St. 3d 285, 299 (2020); *see also State v. Harper*, 160 Ohio St. 3d 480, 492 (2020) (explaining "[w]hen the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal").  This is consistent with the holding of the state court of appeals in this case.  (*See* ECF Doc. 8-1, p. 384.)

Mr. Doss has not argued, and the state court record does not reflect, that the trial court lacked jurisdiction over the subject matter of Mr. Doss's case or personal jurisdiction over Mr. Doss.  Thus, under the standards clearly established by the Supreme Court of Ohio, Mr. Doss's sentence was "voidable" on direct appeal based on a sentencing error but was not "void" or subject to challenge though a postconviction motion.  *Henderson*, 161 Ohio St. 3d at 299. Because Mr. Doss did not raise the challenge articulated in Ground Three on direct appeal, raising it instead in a postconviction motion, the state court of appeals correctly invoked Ohio's res judicata rule when it held that the claim was barred by res judicata.  Thus, the first prong of the *Maupin* analysis is met in that Mr. Doss failed to comply with a state procedural rule when he did not raise the sentencing challenge in Ground Three on direct appeal.

This Court must next determine under the second and third prongs of the *Maupin* analysis whether the state enforced its procedural rule and whether the rule establishes an adequate and independent state law ground under which the claim may be procedurally defaulted. *See* 785 F.2d at 138. The second prong is met, since the state court of appeals enforced the res judicata procedural bar. (ECF Doc. 8-1, p. 384.) The third prong is also met, since the Sixth Circuit has held that "Ohio's doctrine of res judicata as a procedural bar is regularly applied by the Ohio courts." *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (emphasis removed).

Because the first three prongs of the *Maupin* analysis have been met, this Court must find the claim in Ground Three procedurally defaulted unless Mr. Doss can show "cause" to excuse his failure to raise the claim in accordance with Ohio's doctrine of res judicata and actual prejudice resulting from the alleged constitutional violation, under the fourth prong of the *Maupin* analysis. *Maupin*, 785 F.2d at 138.

Here, Mr. Doss argues that his procedural default should be excused due to ineffective assistance of counsel. (ECF Doc. 12, pp. 6-8; ECF Doc. 14, pp. 2-5.) Specifically, he argues that it was not his fault that he did not raise the issue on direct appeal, but rather "direct error on his appellate counsel." (ECF Doc. 12, p. 7.) He further asserts that "the record reveals that appellate counsel and trial counsel were ineffective . . . for failing to raise this error at sentencing and on direct appeal, which now prejudiced [him] . . . because . . . the state court of appeal . . . recognized that the record revealed that the state court trial judge failed to inform[] Doss of the five notifications under R.C. 2929.19(B)(2)(c) during sentencing[.]" (ECF Doc. 14, p. 3.)

"Attorney error that constitutes ineffective assistance of counsel is cause" to overcome procedural default, *Coleman*, 501 U.S. at 754, but claims of ineffective assistance of counsel cannot establish "cause" for the procedural default of another claim if the ineffective assistance

claim itself is procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *see also*

*Landrum v. Mitchell,* 625 F.3d 905, 916 (6th Cir. 2010).  Here, for the reasons discussed below,

the undersigned finds that Mr. Doss's allegations regarding the ineffective assistance of his trial

counsel in failing to object to the sentencing error and of his appellate counsel in failing to raise

the claim in his direct appeal were both procedurally defaulted, and therefore cannot establish

"cause" to excuse his procedural default of the claim in Ground Three.

       To properly assert a claim for ineffective assistance of appellate counsel in Ohio, a

defendant must apply to the Ohio Court of Appeals to reopen the direct appeal under Ohio App.

R. 26(B).  *Landrum*, 625 F.3d at 916.  Here, the state court record indicates that Mr. Doss did not

file a motion under Rule 26(B) seeking to reopen his direct appeal based on the ineffective

assistance of his appellate counsel in failing to raise the claim in Ground Three on direct appeal.

Thus, the failure of appellate counsel to raise the claim on direct appeal cannot establish "cause"

to excuse Mr. Doss's procedural default.

       As to Mr. Doss's assertion that his trial counsel's ineffective assistance establishes

"cause" to excuse the procedural default, the state court record does not support a finding that

any such ineffective assistance claim was both fairly presented and pursued through Ohio's

ordinary appellate review procedures.  *See Williams*, 460 F.3d at 806.  For example, Mr. Doss

argued in a post-conviction petition that his trial counsel was ineffective because counsel failed

to notify the trial judge and prosecution that Mr. Doss had been evaluated by Cuyahoga County

mental health doctors and failed to seek assignment of the case to the mental health docket.

(ECF Doc. 8-1, p. 235.)  This argument does not fairly present a claim based on counsel's failure

to raise the relevant objections at sentencing, and was not pursued through ordinary appellate

review procedures via an appeal.  In another example, Mr. Doss argued in an appeal to the

Supreme Court of Ohio that his trial counsel was ineffective due to counsel's failure to "object[]
to the admissibility of the field sobriety test in his motion to suppress[.]"  (*Id.* at p. 211.)  This
does not fairly present a claim based on trial counsel's failure to raise the relevant objections at
sentencing, and was not pursued through ordinary appellate review procedures because it was
raised for the first time before the Supreme Court of Ohio.  Because Mr. Doss has failed to fairly
present a claim for the ineffective assistance of his trial counsel at sentencing and pursue that
claim through Ohio's ordinary appellate procedures, the claim cannot support a finding of
"cause" to excuse Mr. Doss's procedural default of the sentencing challenge in Ground Three.

Accordingly, the undersigned concludes that Mr. Doss has failed to establish "cause" to
excuse his procedural default.  Since he has failed to show cause, it is not necessary to consider
the issue of "prejudice."  *See Engle*, 456 U.S. at 134, n. 43.  Further, for the reasons set forth in
Section III.D., *supra*, the undersigned concludes that Mr. Doss cannot excuse his procedural
default of Ground Three based on a claim of "actual innocence."

For the reasons set forth above, the undersigned finds that Ground Three is procedurally
defaulted, and that Mr. Doss has not met his burden to show cause or a fundamental miscarriage
of justice to excuse the default.  Accordingly, the undersigned recommends that the Court
**DISMISS** Ground Three with prejudice based on procedural default.[8]

F.      **Ground Four Was Procedurally Defaulted**

Mr. Doss argues in Ground Four that his no contest plea was not a knowing or intelligent
plea because the trial court failed to vacate the first no contest plea before the second contest plea
was entered, and further that trial and appellate counsel were ineffective for failing to raise the
issue at trial or on appeal.  (ECF Doc. 1, p. 11.)  In response, Respondent argues that Ground

---

[8] Given the recommendation to dismiss Ground Three as procedurally defaulted, it is unnecessary to consider
Respondent's alternative argument that the claim is not cognizable.  (ECF Doc. 11, p. 25.)

Four was procedurally defaulted (ECF Doc. 11, pp. 13-14), is not cognizable on federal habeas review, and is without merit (*id.* at pp. 25-27). Specifically, Respondent argues that Mr. Doss failed to fairly present the claim at every level of state court review because he raised the sentencing challenge for the first time before the Supreme Court of Ohio. (*Id.* at 13-14.)

As discussed above, "a petitioner may procedurally default a claim by failing to raise a claim in state court and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806. Here, Mr. Doss did not raise the claims asserted in Ground Four in his direct state court appeal. He first challenged the trial court's failure to vacate the first no contest plea in his appeal to the Supreme Court of Ohio (ECF Doc. 8-1, pp. 212-13), thus failing to pursue the claim through Ohio's ordinary appellate review procedures. *Williams*, 460 F.3d at 806; *see also Baston*, 282 F. Supp. 2d at 661 ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). He also challenged the trial court's failure to vacate the first plea in a post-conviction motion (*id.* at pp. 272-73), but did not reassert that claim when he appealed the trial court's denial of the motion; his appeal was limited to a separate legal issue (*id.* at pp. 355, 357, 359-64). Thus, Mr. Doss failed to pursue his claim that the trial court did not timely vacate his first no contest plea through Ohio's ordinary appellate review process, and procedurally defaulted on that claim.

As for Mr. Doss's additional assertions in Ground Four that his trial and appellate counsel were ineffective because they failed to raise the trial court's failure to vacate the first no contest plea in the trial court or on direct appeal, the record does not establish that Mr. Doss fairly presented those claims to Ohio's state courts at any time, let alone that he pursued the claims through every level of appellate review. Consistent with the discussion in Section III.E., *supra*, Mr. Doss's limited allegations of ineffective assistance in the state courts did not fairly

present the specific ineffective assistance claim described in Ground Four, and even those limited allegations were not presented at every level of the ordinary appellate review process. Thus, Mr. Doss has procedurally defaulted on the claims in Ground Four of the Petition.

As with Ground Two, Mr. Doss generally argues that he did not procedurally default the claims and urges the Court to hear the claims on the merits.  (ECF Doc. 14, pp. 4-6.)  For the reasons discussed in Sections III.D. and III.E., *supra*, the undersigned concludes that Mr. Doss has failed to establish "cause" to excuse his procedural default and also cannot excuse his procedural default of Ground Three based on a claim of "actual innocence."

For the reasons set forth above, the undersigned finds that Ground Four is procedurally defaulted, and that Mr. Doss has not met his burden to show cause or a fundamental miscarriage of justice to excuse the default.  Accordingly, the undersigned recommends that the Court **DISMISS** Ground Four with prejudice based on procedural default.[9]

---

[9] Given the recommendation to dismiss Ground Four as procedurally defaulted, it is unnecessary to consider Respondent's alternative arguments that the claim is not cognizable and/or without merit.  (ECF Doc. 11, pp. 25-27.)

## IV.     Recommendation

In light of the foregoing, the undersigned recommends that the Court **DISMISS** Ground One as non-cognizable and **DISMISS** Grounds Two, Three and Four with prejudice based on procedural default.


Date:   October 10, 2025


_/s/ Amanda M. Knapp_
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE


## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).